**MORRISON, Plaintiff-Appellee, v. MORRISON, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4522. Decided January 4, 1951.

Henry A. Reinhard, Columbus, for plaintiff-appellee.
Jack F. Young, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

Submitted on motion by the plaintiff-appellee seeking an order dismissing the appeal on law and fact for the reason that the appellant has failed to file an appeal bond as required by §12223-6 GC. The motion will be sustained but this cause will be retained for determination on questions of law only, and the appellant will be granted permission to perfect the appeal in accordance with Supplement to Rule VII of this Court.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

**ON LAW APPEAL FROM THE JUDGMENT OF THE COURT**

No. 4522. Decided June 6, 1951.

**OPINION**

By THE COURT.

This is a law appeal from the judgment of the Court of Common Pleas, Division of Domestic Relations, awarding a decree of divorce to the plaintiff-appellee upon the ground of gross neglect of duty. The Court also awarded the appellee the custody of the child and support money in the amount of $60.00 per month. It also awarded her all the household goods and effects and permanent alimony in the amount of $1200.00 payable $40.00 per month, unless she remarried or died prior to the completeion of said installment payments.

The errors assigned are that the Court erred in awarding a divorce to the appellee, and also that the alimony award is against the weight of the evidence.

We have carefully examined the entire record in this case and find that there is substantial evidence properly corroborated tending to establish gross neglect of duty on the part of the defendant-appellant; for example, such as his quarrelsome disposition and failure to provide for the appellee and their child. Where the issue is one of gross neglect of duty the trial court has a broad discretion which will not be disturbed by a reviewing court unless there has been an abuse of the same. **14 O. Jur. 394; Coleman v. Coleman, 68 Oh Ap 410.**

Upon the question of failing to provide counsel for the appellant has argued outside of the record, urging that those who temporarily cared for the wife and child were indebted to him, but we can only give consideration to that which is contained in the record.

We are of the further opinion that the Court properly exercised his discretion in granting the award of alimony, taking into consideration the appellant's remaining property and the fact that he was earning approximately $300.00 per month. Under §11990 GC the Court was required to make the appellee an alimony award upon the granting of the divorce for the aggression of the husband.

Under all of the facts presented we think that the alimony awarded the wife was not unreasonable.

Finding no error in the record the judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.